IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REGENT BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:24-cv-05077-RK |
| SAMUEL BODEA, SIMONA BODEA, and SS EXPRESS LLC, | ) ) ) ) |
| Defendants. | ) ) |

## **PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

COMES NOW Plaintiff Regent Bank ("**Plaintiff**"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1, and respectfully requests that the Clerk enter a Clerk's Entry of Default against Defendant SS Express LLC ("**SS Express**"). In support of this Motion, Plaintiff submits the Declaration of Wendi Alper-Pressman in Support of Motion for Clerk's Entry of Default (the "**Declaration**"), which is attached hereto as **Exhibit A**, and further states as follows:

1. Plaintiff commenced the instant case by filing a complaint against Samuel Bodea and Simona Bodea (the "**Bodeas**") on September 18, 2024.

2. Plaintiff filed a First Amended Complaint (the "**Amended Complaint**") on June 23, 2025, which added SS Express as a Defendant, and added counts against SS Express for Breach of Guaranty and Appointment of Receiver over certain Vehicles owned by SS Express, as defined and more particularly described in the Amended Complaint. [Dkt. No. 50].

3. A summons was issued to SS Express on July 7, 2025 (the "**Summons**").

4. The Bodeas filed a Suggestion of Bankruptcy in this Court on July 16, 2025, which indicated that the Bodeas had filed for bankruptcy protection on July 14, 2025. [Dkt. No. 54].

1

5. The instant action was stayed as to the Bodeas only. [Dkt. No. 58].

6. Plaintiff served the Summons and Amended Complaint on SS Express by mail on July 24, 2025, pursuant to Arizona Revised Statute § 29-3119. [Dkt. No. 65].

7. Federal Rule of Civil Procedure 4 permits an entity to be served in accordance with state law where service is made. SS Express is an Arizona limited liability company located in Arizona. Arizona law permits service on a limited liability company via certified mail where the limited liability company's statutory agent cannot be served with reasonable diligence. Az. Rev. Stat. § 29-3119. Despite Plaintiff's reasonable due diligence in effecting personal service on SS Express, those efforts were unsuccessful. *See* Dkt. Nos. 60-64. Therefore, service via U.S. Certified Mail was proper under the circumstances.

8. SS Express then had 21 days—up to and including August 14, 2025—to file an answer or motion under Federal Rule of Civil Procedure 12. SS Express did not do so, but on August 27, 2025, filed a Motion for Leave to File Answer Out of Time (the "**Motion for Leave**"). [Dkt. No. 66].

9. Plaintiff did not oppose the Motion for Leave, and the Court entered an Order granting SS Express until September 18, 2025 to file its answer. [Dkt. No. 70].

10. SS Express did not file an answer by September 18, 2025, and has not done so to date.

11. "When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

12. Under Local Rule 55.1, written notice of the intention to move for entry of default must be provided to counsel for the party against whom default is sought at least 14 days prior to filing the motion for entry of default.

13. Counsel for Plaintiff complied with Local Rule 55.1 by sending an email to counsel for SS Express on September 23, 2025, inquiring whether SS Express intended to file an answer and informing SS Express's counsel of Plaintiff's intent to secure a default judgment if SS Express did not file an answer. *See* Declaration, ¶ 11.

14. That same day, counsel for SS Express responded that SS Express would not be filing an answer. *See* Declaration, ¶ 12.

15. The Declaration is hereby incorporated by reference as if fully set forth herein.

**WHEREFORE**, based on the foregoing service of process and failure of SS Express to file a responsive pleading, Plaintiff respectfully requests that the Clerk enter the default of Defendant SS Express pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1(a).

Dated: October 9, 2025                                   Respectfully submitted,

                                                                                  ARMSTRONG TEASDALE LLP

                                                               By: */s/ Wendi Alper-Pressman*
                                                                     Wendi Alper-Pressman    #32906
                                                                     John H. Chassaing       #68712
                                                                     7700 Forsyth Blvd., Suite 1800
                                                                     St. Louis, Missouri 63105
                                                                     314.621.5070
                                                                     314.621.5065 (facsimile)
                                                                    walperpressman@atllp.com
                                                                    jchassaing@atllp.com

                                                                   ATTORNEYS FOR REGENT BANK

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2025, the foregoing was filed electronically with the Clerk of Court and will be served by operation of the Court's electronic filing system upon all counsel of record.

                                                                             */s/ Wendi Alper-Pressman*

# EXHIBIT A

# Declaration of Wendi Alper-Pressman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REGENT BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-05077-RK |
| | ) |
| SAMUEL BODEA, SIMONA BODEA, and | ) |
| SS EXPRESS LLC, | ) |
| | ) |
| Defendants. | ) |

# DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT

I, Wendi Alper-Pressman, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am over 21 years of age and make this Declaration on my own personal knowledge and in compliance with Federal Rule of Civil Procedure 55(a) and Local Rule 55.1(a).

2. I and the law firm of Armstrong Teasdale LLP are counsel to Plaintiff Regent Bank in the civil action styled *Regent Bank v. Samuel Bodea, Simona Bodea, and SS Express LLC*, Case No. 3:24-cv-05077-RK in the United States District Court for the Western District of Missouri, presently pending before the Honorable United States District Judge Roseann A. Ketchmark.

3. Plaintiff commenced the instant case by filing a complaint against Samuel Bodea and Simona Bodea (the "**Bodeas**") on September 18, 2024.

4. Plaintiff filed a First Amended Complaint (the "**Amended Complaint**") on June 23, 2025, which added SS Express as a Defendant, and added counts against SS Express for Breach of Guaranty and Appointment of Receiver over certain Vehicles owned by SS Express, as defined and more particularly described in the Amended Complaint. [Dkt. No. 50].

5. A summons was issued to SS Express on July 7, 2025 (the "**Summons**").

1

6.  I served the Summons and Amended Complaint on SS Express by mail on July 24, 2025, pursuant to Arizona Revised Statute § 29-3119 because SS Express's statutory agent could not be personally served after reasonable diligence. [Dkt. No. 65].

7.  SS Express did not file a responsive pleading within 21 days following service of the Amended Complaint.

8.  On August 27, 2025, SS Express filed a Motion for Leave to File Answer Out of Time (the "**Motion for Leave**"). [Dkt. No. 66].

9.  Plaintiff did not oppose the Motion for Leave, and the Court entered an Order granting SS Express until September 18, 2025 to file its answer. [Dkt. No. 70].

10. SS Express did not file an answer by September 18, 2025, and has not done so as of the date of this Declaration.

11. I sent an email to counsel for SS Express on September 23, 2025, inquiring whether SS Express intended to file an answer and informing SS Express's counsel of Plaintiff's intent to secure a default judgment if SS Express was not going to file an answer.

12. That same day, counsel for SS Express responded that SS Express would not be filing an answer.

13. More than 14 days has elapsed since I gave notice of intention for seek a default under Local Rule 55.1(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Saint Louis, Missouri, on October 9, 2025.

/s/ Wendi Alper-Pressman